UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACK WILKINS | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| OFFICER GOTCH #365, individually, | ) | Magistrate Judge |
| and COUNTY OF COOK (IL) | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Jack Wilkins, by and through his attorneys, Gregory E. Kulis and Associates, Ltd., and complaining against the Defendant, Officer Gotch, individually, and the County of Cook, as follows:

### JURISDICTION AND PARTIES

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, Jack Wilkins, accomplished by acts and/or omissions of the Defendant, Officer Gotch, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. At all relevant times, the Plaintiff was a United States citizen and a resident of the State of Illinois.

4. At all relevant times, the Defendant, Officer Gotch, was a duly appointed police officer with the Forest Preserve District of the County of Cook police department acting within the scope of his employment and under color of law.

5. Defendant County of Cook is and was, at all relevant times, the employer of Officer Gotch. The County of Cook maintains, manages, and/or operates the Cook County Police Department.

## COUNT I—FALSE ARREST

6. On or about May 13, 2012, the Plaintiff was attending a picnic at the Cook County Forest Preserve at Schiller Woods, located at Irving Park and River Road in Chicago, Illinois.

7. One of the Plaintiff's friends was hosting the picnic and this friend had obtained a permit to hold the picnic.

8. During the picnic Officer Gotch appeared on scene.

9. Officer Gotch ordered the Plaintiff's friend to lower the volume of the music that was playing, to move certain vehicles, and to pick up some bottles.

10. The Plaintiff's friend complied with Officer Gotch's order.

11. Despite the Plaintiff's friend's compliance with Officer Gotch's orders, Officer Gotch ordered that the picnic be shut down and that everyone leave.

12. Other police officers arrived on the scene.

13. Officer Gotch caused the Plaintiff to be arrested.

14. The Plaintiff was not committing any crimes or breaking any laws.

15. There was no probable cause for Officer Gotch to cause the arrest of the Plaintiff.

16. The actions of the Officer Gotch were intentional, willful and with malice.

17. Said actions of Officer Gotch violated the Plaintiff's Fourth and Fourteenth Amendment rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

18. As a direct and proximate consequence of said conduct of Officer Gotch, the Plaintiff suffered violations of his constitutional rights, loss of liberty, emotional anxiety, fear, humiliation, monetary loss, and suffering.

WHEREFORE the Plaintiff, JACK WILKINS, prays for judgment in his favor and against the Defendant, OFFICER GOTCH, for reasonable compensatory damages and punitive damages, plus attorney's fees and costs.

### COUNT II—MALICIOUS PROSECUTION

19. The Plaintiff hereby re-alleges paragraphs 1-18 as though fully set forth herein.

20. Officer Gotch continued with the criminal charges against the Plaintiff knowing they were false.

21. The charges against the Plaintiff proceeded to trial.

22. On or about August 20, 2012, the Plaintiff was found not guilty.

23. As a result of the actions of Officer Gotch, the Plaintiff suffered loss of liberty, emotional distress, anxiety, monetary damages, and fear.

WHEREFORE the Plaintiff, JACK WILKINS, prays for judgment in his favor and against the Defendant, OFFICER GOTCH, and for reasonable compensatory damages, plus costs.

### COUNT III--INDEMNIFICATION

24. Plaintiffs hereby re-allege and incorporate paragraphs 1-23 as though fully set forth herein.

25. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

26. Defendant Officer Gotch is or was an employee of the County of Cook who acted within his scope of employment in committing the misconduct described herein.

WHEREFORE should the Defendant, OFFICER GOTCH, be found liable for any of the acts alleged above, the Defendant, COUNTY OF COOK, would be liable to pay the Plaintiff, JACK WILKINS, any judgment obtained against the Defendant officer.

## **JURY DEMAND**

The Plaintiff, JACK WILKINS, requests trial by jury.

Respectfully submitted,

JACK WILKINS


/s/ David Lipschultz

Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street
Suite 2140
Chicago, Illinois 60602
(312) 580-1830
Atty. No. 6277910

4