## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JACK WILKINS,                            )

                                  )

           Plaintiff,              )       12 CV 8906

                                  )

   v.                            )       Hon. Matthew F. Kennelly

                                  )

OFFICER GOTCH, et al.,             )

                                  )

           Defendants.          )

## DEFENDANTS' ANSWER TO PLAINTIFFS'
## FIRST AMENDED COMPLAINT AT LAW

Defendants Officer Gotch ("Ofc. Gotch") and the Forest Preserve District of Cook County ("Forest Pres. Dist.") (collectively, "Defendants"), through their attorneys, ANITA ALVAREZ, State's Attorney of Cook County, and R. Seth Shippee, Assistant State's Attorney, submit their Answer to Plaintiffs Jack Wilkins and Rafael Goldyn's First Amended Complaint at Law as follows:

1.     This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of Plaintiffs, Jack Wilkins and Rafael Goldyn, accomplished by acts and/or omissions of the Defendant, Officer Gotch, and committed under color of law.

**ANSWER:**   Defendants deny that Plaintiffs' civil rights were deprived by acts and/or omissions of Ofc. Gotch. committed under color of law. Defendants admit the remaining allegations contained in Paragraph 1.

2.     Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER:**   Defendants admit the allegations contained in Paragraph 2.

3.      At all relevant times, Plaintiff Jack Wilkins was and remains a United States citizen and a resident of the State of Illinois.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.      At all relevant times, Plaintiff Rafael Goldyn was and remains a United States citizen and a resident of the State of Illinois.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.      At all relevant times, the Defendant, Officer Gotch, was a duly appointed police officer with the Forest Preserve District of the County of Cook acting within the scope of his employment and under color of law.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 5.

6.      At all relevant times herein, the Defendant, Forest Preserve District of the County of Cook, was and remains a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Officer Gotch.

**ANSWER:**    Defendants admit that the Forest Preserve District of Cook County is the employer and principal of Officer Gotch. Defendants deny the remaining allegations contained in Paragraph 6.

## COUNTY I
## 42 USC §1983 FALSE ARREST

7.      On or about May 13, 2012, Plaintiff Jack Wilkins ("Plaintiff Wilkins") was attending a picnic at the Cook County Forest Preserve at Schiller Woods, located at Irving Park and River Road in Chicago, Illinois.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 7.

8.     One of Plaintiff Wilkins' friends, Rafael Goldyn ("Plaintiff Goldyn"), was hosting the picnic. Plaintiff Goldyn had obtained a permit to hold the picnic.

**ANSWER:**     Defendants admit that Rafael Goldyn had obtained a permit to hold the picnic. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9.     During the picnic, Officer Gotch appeared at the scene.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 9.

10.     Officer Gotch ordered the Plaintiff Goldyn to lower the volume of the music that was playing, to move certain vehicles, and to pick up some bottles.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 10.

11.     Plaintiff Goldyn complied with Officer Gotch's order.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 11.

12.     Despite Plaintiff Goldyn's compliance with Officer Gotch's orders, Officer Gotch ordered that the picnic be shut down and that everyone leave.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 12.

13.     Other police officers arrived at the scene.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 13.

14.     Officer Gotch caused Plaintiffs Wilkins and Goldyn to be arrested.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 14.

15.     Plaintiffs Wilkins and Goldyn were not committing any crimes or breaking any laws.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 15.

16.     There was no probable cause for Officer Gotch to cause the arrest of Plaintiffs Wilkins and Goldyn.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 16.

17.     The actions of Officer Gotch were intentional, willful and executed with malice.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 17.

18.     Said actions of Officer Gotch violated Plaintiff Wilkins' and Plaintiff Goldyn's Fourth and Fourteenth Amendment rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 18.

19.     As a direct and proximate consequence of said conduct of Officer Gotch, Plaintiff Wilkins and Plaintiff Goldyn suffered violations of their constitutional rights, loss of liberty, emotional anxiety, fear, humiliation, monetary loss, and suffering.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 19.

## COUNT II
## MALICIOUS PROSECUTION (ILLINOIS LAW)

20.     The Plaintiffs hereby realleges [*sic*] paragraphs 1-19 as though fully set forth herein.

**ANSWER:**    Defendants restate and incorporate their answers to Paragraphs 1-19 as their answer to Paragraph 20.

21.     Officer Gotch continued with criminal charges against the Plaintiffs knowing said charges were false.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 21.

22.     The charges against the Plaintiffs proceeded to trial.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 22.

23.      On or about August 20, 2012, the Plaintiffs were found not guilty of all charges.

**ANSWER:**      Defendants admit the allegations contained in Paragraph 22.

24.      As a result of the actions of Officer Gotch, the Plaintiffs suffered loss of liberty, emotional distress, anxiety, monetary damages, and fear.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 23.

**COUNT III**
**INDEMNIFICATION**

25.      Plaintiffs hereby re-allege and incorporate paragraphs 1-24 as though fully set forth herein.

**ANSWER:**      Defendants restate and incorporate their answers to Paragraphs 1-24 as their answer to Paragraph 25.

26.      Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 26.

27.      Defendant Officer Gotch is or was an employee of the County of Cook who acted within the scope of employment in committing the misconduct described hereing.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 27.

<u>**DEFENDANTS' AFFIRMATIVE DEFENSES**</u>

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
**(Qualified Immunity)**

1.      To the extent Plaintiffs purport to bring any colorable claims against the Defendants in their individual capacities based on the theory that they violated Plaintiffs' constitutional rights through the actions complained of in their Complaint, Defendant's actions did not violate any clearly established rights, and, therefore, Plaintiffs' claims are barred, in whole or in part, by the doctrine of qualified immunity.

**Second Affirmative Defense**
**(Immunity from Punitive Damages for Official-Capacity §1983 Claims)**

2.      Plaintiff asserts claims against the Forest Preserve District of Cook County, which is a local public entity under the laws of the State of Illinois. 745 ILCS 10/1-206.

3.      To the extent Plaintiffs assert claims against the Defendants in their official capacities, an official capacity suit is tantamount to a claim against the government entity itself.

5.      A local public entity is immune from punitive damages under 42 U.S.C. § 1983.

6.      In their official capacities, Defendants are local public entities.

7.      Defendants are immune from Plaintiff's claim for punitive damages under S1983.

**Third Affirmative Defense**
**(Officer Brown - Immunity from State Damages Claims)**

12.      Defendant Officer Gotch is a public employee under Illinois law. 745 ILCS 10/1-207.

13.      Pursuant to Illinois law, local public employees are immune from liability for acts committed in the execution and enforcement of law. 745 ILCS 10/2-202.

14.     The acts committed by Defendant Officer Gotch alleged in Plaintiffs' Amended Complaint were in furtherance of the execution and enforcement of the law and were performed pursuant to his duties as a sworn law enforcement officer and did not constitute willful and wanton misconduct.

15.     Defendant Officer Gotch is immune from Plaintiff's state tort claim against him for Malicious Prosecution.

### Fourth Affirmative Defense

16.     Under Illinois law, a local public entity is not liable for an injury resulting from an act or omission by its employee where the employee is not liable. 745 ILCS 10/2-109.

17.     The Forest Preserve District is a local public entity under Illinois law. 745 ILCS 10/1-206.

18.     The Forest Preserve District employs Officer Gotch.

19.     Officer Gotch's actions were not willful and wanton, and he is immune from liability for his actions committed in the execution and enforcement of law. 745 ILCS 10-202.

20.     The Forest Preserve is not liable for Plaintiffs' state tort claims against Officer Gotch.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:     /s/R. Seth Shippee
One of her assistants

R. Seth Shippee
Assistant State's Attorney
Cook County State's Attorney's Office
50 W. Washington St., Ste. 500
Chicago, Illinois 60602
(312) 603-6299
*Attorney for Defendants*

7